O’Neall J.
dissenting. Said, that the case of Nesbit v. The Louisville, Cincinnati, and Charleston Railroad Company, 2 Speers, 698, settled properly the rule, by which cases of contractors were generally to be decided. They were entitled to the compensation which their contracts gave them, and no more, for work plainly embraced in them, although it might turn out to be abundantly more difficult of execution than was expected. But I think this case is a fair exception to the general rule. In it, I am satisfied, the plaintiffs ought to retain their verdict. For the custom on Railroads, that contractors should use free of charge such part of the roads as might be finished and in use, so as to give them the facilities of more readily obtaining their supplies, transporting their tools and building materials, was proved. That the defendants Avere substantially the owners of the Hamburg road, cannot be denied. That the contractors contracted to do the work, expecting to have the use of the road according to the custom, must now be taken as also undeniable, for the jury have so found. Under these circumstances, the promise of the President, that the plaintiffs should be refunded the money, which by law they Avere bound to pay on the Hamburg road, cannot be regarded either as without consideration or without authority; for the Company really obtained the plaintiffs’ work for that much less than would otherwise have been charged. It is too, fairly to be argued, that both parties understood when the contract Avas made, that the plaintiffs should use the road, without charge, and hence, therefore, when forced to pay it, the promise to refund it was exactly that which ex equo et bono, the Company ought to have done. The case can be tested in another Avay. If they had been in law, as they were, in fact, the owners of the Hamburg Railroad, and the plaintiffs had used the road for the whole time they had been at work and had been charged for the freight, but had not paid it, and the defendants were now suing to recover it, could they against the proof in this case succeed? They could not: for the prooí' *337 adduced here would already show, that as against the plaintiffs, no charge was intended to be made. The President unquestionably had the power to bind the Company in all matters, where it may be fairly inferred ho was their legal organ. He alone on the part of the Company entered into the contract with the plaintiffs to do the work. The binding obligation of that contract has never been denied. It is fair to conclude that such a promise as this, which was necessary to give effect to the main contract, and was, like it, with the assent of the Company. But independent of that, the travelling and carrying of freight on the road is so much an every day’s business, that whatever the President directs in relation to it, is regarded as the action of the Company, until they otherwise order. This regulation for the plaintiffs’ benefit was of that character, and hence, I should say, prima facie, the contract is the contract of the Company, and after the finding of the jury upon the point submitted to them, I do not perceive how the fact can be denied.